Per Curiam.

It is obvious that the plaintiff has obtained all that she asks for in this action and no order could be made *489 by this court that would give her more than she already has. As between these parties, therefore, the case is moot.
Although the majority of the court feels bound to sustain the motion to dismiss, it does so reluctantly for the reason that a repetition of the procedure followed here may effectively prevent this court from ever reaching a question that it considers of public and great general interest.
In any other ease, when a request therefor is made, a hospital may permit a former patient to see such of his records as the hospital deems to be in the beneficial interest of that patient. If unsatisfied with what he considers only half a loaf, that former patient may commence an action to require the furnishing of the entire record. The court in which such action is instituted, or a Court of Appeals, could well follow the decision of the Court of Appeals herein to deny a mandatory injunction. If this court then still believed there was a debatable constitutional question involved, and that there was in the case a question of public or great general interest, it would overrule a motion to dismiss the appeal as of right and allow the motion to certify the record. And again the case pending in this court could be rendered moot by the hospital’s mere furnishing to the plaintiff of his complete hospital record.
In 132 A. L. R., 1186, it is stated:
‘ ‘ The proposition that an appellate court may retain an appeal for hearing and determination if it involves questions of public interest even though it has become moot so far as the parties of the particular action are concerned or though the parties desire that it be dismissed, is supported, either directly or by implication, by the great weight of authority.”
Although the temptation may be great to indulge in the theory that a case may be “moot as to the parties” but not “moot as to the public,” as did the court in Van DeVegt v. Larimer County, 98 Colo., 161, 55 P. (2d), 703, where the court said that “a case is not moot where interests of a public character are asserted under conditions that may be immediately repeated, merely because the time for a particular order has expired,” the majority of this court are of the opinion that in this case we should fellow the usual procedure of deciding cases only *490 as they exist between the parties thereto and refrain from the giving of an advisory opinion.
The motion to dismiss is, therefore, sustained, and the appeal is dismissed.

Appeal dismissed.

Weygandt, C. J., Zimmerman, Gillen, Matthias, Bell, Herbert and O’Neill, JJ., concur.
Gillen, J., of the Fourth Appellate District, sitting by designation in the place and stead of Taet, J.